Clyde Paul Holland, Nashville, for defendants/appellants.

**Michael W. REESE and wife, Cynthia J. Reese, Plaintiffs/Appellees,**

v.

**John GEHLY, and wife, Sharon Gehly, Defendants/Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 22, 1995.

Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

### OPINION

CANTRELL, Judge.

The Chancery Court of Davidson County found that the defendants had violated two restrictive covenants by placing an additional home on their subdivision lot. The court ordered the defendants to remove the second home and its foundation. On appeal the defendants contend that the addition to their home does not violate the restrictive covenants because they obtained the approval of the developer's engineer. We affirm.

### I.

The plaintiffs, Michael and Cynthia Reese, live across the street from John and Sharon Gehly in Section IX of the Tulip Grove Subdivision in Hermitage. All lots in Section IX are subject to the following restrictions:

> All lots in the [Tulip Grove, Section IX] Subdivision shall be used for residential

---

**3.** We find it unnecessary to address whether any or all of Neely's claims are preempted pursuant to federal statute.

purposes only and *it shall not be permissible to build more than one single family dwelling on any lot.*

Duplexes to have a minimum of 1650 feet of floor space will be permitted. *All duplex plans must be approved by developer or developer's Engineer.* No more than twenty percent (20%) of lots may be used for duplexes and they will not be permitted on consecutive lots.

On October 11, 1993 Mr. Gehly moved another house onto his lot intending to provide a dwelling for his daughter's family. Mr. Gehly planned to build a garage to connect the moved-on structure to his existing home. Mr. and Mrs. Reese immediately protested, and then obtained a temporary injunction preventing the Gehlys from completing the work.

The engineering firm that worked on the project in 1974 had dissolved. However, upon learning of the Reeses' objections, Mr. Gehly contacted one of its former engineers and obtained his signature on the building permit Mr. Gehly had obtained six months earlier. Mr. Gehly represented to the engineer that his signature was needed to satisfy a technicality, and that none of the neighbors had any objections to the project.

When this proof did not satisfy the chancellor at the temporary injunction hearing, Mr. Gehly sought out another one of the principals in the now-dissolved firm and asked him to prepare an architectural drawing of what the completed project would look like and to approve the plans. Mr. Gehly represented to this individual that his former partner had already given his approval. Based on these efforts, Mr. Gehly asserts that he has the approval of the developer's engineer to construct a duplex.

After a full hearing the chancellor ordered the additional house and its foundation removed.

## II.

We think all the issues raised on appeal are resolved by sustaining the chancellor's finding that the presence of the additional building violates the restriction against having more than one single family dwelling on each lot. A consideration of the record results in the inescapable conclusion that there are now two dwellings on the lot. If the garage were to be constructed there would still be two dwelling units, each attached to a garage between them.

We think that finding precludes us from finding that the completed structure would be a duplex. Although a legal definition of a duplex is not common, the court in *Donnelly v. Spitza,* 246 Mich. 284, 224 N.W. 396 (1929), said a "duplex house" is one that "resemble(s) a single dwelling in outward appearance" and one "where two families live under one roof." We think those are two of the common attributes of a duplex.

The structure planned by Mr. Gehly fails both parts of that test. Rather than resembling a single dwelling the structures when finally joined by the garage would look like two different houses with a garage between them. For the same reason it could hardly be said that both families in this case would be living under one roof.

To us, therefore, whether Mr. Gehly got approval from the engineers is not relevant. Approval of the plans would not make one house out of two.

## III.

Mr. and Mrs. Reese ask the court to impose sanctions on the Gehlys for a frivolous appeal and for violating Rule 11 of the Tennessee Rules of Civil Procedure. We are not persuaded, however, that either sanction would be appropriate in this case. Therefore, the request is denied.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.